IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JAMES SARTORELLI, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00252-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 14-23.) The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-4.)

This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

In support of his Complaint, Plaintiff argues that the ALJ overestimated his residual functional capacity (RFC). (Pl.'s Br. 5-13.) Plaintiff disagrees with the ALJ's assessment that he can perform light work.

Plaintiff clearly suffers from some degree of pain and limitation. However, after close scrutiny of the medical evidence in this case, the Court concludes that the ALJ's decision is meets the substantial evidence test.

The controversy in this case mainly arises from the findings of John Nelson, M.D. (Tr. 270-72.) Dr. Nelson concluded that Plaintiff was substantially limited in walking and standing. (Tr. 272.) But after reviewing his medical report, the ALJ stated, "The undersigned gives this opinion little weight because it is inconsistent with the claimant's treatment history, use of medications, and activities of daily living. He has little, if any, treatment for his alleged disabling pain. He has only one trip to a treating doctor for a seizure disorder, and that treatment was conservative in nature." (Tr. 20.) The ALJ concluded that the limitations supported by the objective medical evidence were "taken into account in determining the residual functional capacity defined [in his written opinion]." *Id.*

After careful review, the Court finds no reversible fault in the ALJ's assessment of Dr. Nelson's findings. The ALJ's rationale is supported by the overall record. This is especially true given the limited medical evidence to support Plaintiff's claim of disability. "Disability" is the

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial evidence of record shows that Plaintiff is capable of performing work-related activities at the light exertional level. While Dr. Nelson's findings do support Plaintiff's claim, the ALJ fairly evaluated all of the evidence in the record. So given the record as a whole, the ALJ could fairly conclude Mr. Sartorelli was capable of performing light work.

Plaintiff has advanced other arguments which the Court finds are without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 30th day of March, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE